IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17–cv–00810–MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

JOHN SCOLERI,
JOAN KOPRIVNIKAR,
LAURIE TAFOYA,
OWENS,
LYNN EDWARD TRAVIS,
RICHARD CORDOVA,
KIMBERLY WEEKS,
DONALD GIBSON,
PILGRIM,
LISA M. TOEPP,
DENEED CRANDELL,
LINNEA TOBIAS,
STACI WHITEHEAD, and
L. LIPICH,

    Defendants.

## **ORDER**

    This case arises out of Plaintiff Luke Chrisco's incarceration at San Carlos Correctional Facility, which is managed by the Colorado Department of Corrections ("CDOC"). Before this Court is Mr. Chrisco's "Motion for Joinder of Co–Plaintiff Pursuant to F.R.C.P. 20(a)(1)(B) or Other Rule," ECF No. 103. For the reasons that follow, I **deny** the motion.

### **BACKGROUND**

**I.    Facts**

    Mr. Chrisco is currently a prisoner in custody at the San Carlos Correctional Facility. From

July 2014 to April 2015, Mr. Chrisco consistently filed grievances against CDOC unit staff, supervisors, mental health staff, and the law library employees. Am. Compl. ¶ 1, ECF No. 17. He claims the staff retaliated against him for filing grievances, forced him to take psychoactive medication, and obstructed his access to the law library. *Id*. ¶¶ 1–5.

## II. Procedural History

Mr. Chrisco first brought nineteen claims against seventeen different Defendants. Am. Compl., ECF No. 17. Some of the Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 50. On August 13, 2018, this Court granted the motion in part and denied it in part, reducing this lawsuit to eight claims against fourteen defendants. Order, ECF No. 97. On September 11, 2018, Mr. Chrisco filed this motion to join George Wiggins as a co-plaintiff. ECF No. 103. On the same day, Mr. Wiggins filed a declaration and expressed a desire "to join in each of the injunctive claims made herein and/or any appeal herefrom." Decl. of George Wiggins, Prospective Co-Pl. ¶ 4, ECF No. 104.

## **ANALYSIS**

This Court must construe Mr. Chrisco's and Mr. Wiggins's filings liberally because they are not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not act as an advocate for *pro se* litigants. *Hall*, 935 F.2d at 1110. Despite this liberal standard, I deny the motion for joinder.

A party seeking joinder of claimants under Rule 20 of the Federal Rules of Civil Procedure must establish: 1) "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and 2) "any question of law or fact common to all plaintiffs" seeking to be joined. Fed. R. Civ.

2

P. 20(a)(1). When deciding whether to allow the permissive joinder of a party, a court should consider the following factors:

> [T]he possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*MDM Grp. Assocs., Inc. v. Midgett Realty, Inc.*, No. 07–cv–02543–WDM–CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980)); *accord Sims v. New*, No. 08–cv–00794–CMA–MEH, 2009 WL 3234225, at *20 (D. Colo. Sept. 30, 2009).

Mr. Chrisco has not satisfied either of the Rule 20 requirements. First, neither he nor Mr. Wiggins mentions any transactions or occurrences that create a right of relief associated with the same question. *See* Fed. R. Civ. P. 20(a)(1)(A). Mr. Wiggins only declares that he has "an interest in the outcome of this case" because he is incarcerated in the same facility as Mr. Chrisco. Decl. of George Wiggins, ¶ 1. Although Mr. Wiggins adds that he "agree[s] with the positions propounded therein with regard to the claims for injunctive relief," he fails to state why his right to relief arises from the same transaction, occurrence, or series of transactions or occurrences, as Mr. Chrisco's injunctive relief. *Id.* ¶ 2. Second, both Mr. Chrisco and Mr. Wiggins fail to allege a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(1)(B). Mr. Chrisco declares only that this "case raises a number of claims which have a social importance and which impact a large class of prisoners across the country" and that "the issue of standing is of paramount importance herein as this case proceeds in the District Court and by any contemplated appeal to the Supreme Court." Mot. for Joinder ¶ 3. It appears that Mr. Chrisco's intent to retain Mr. Wiggins as a co-plaintiff is to secure standing while the case proceeds because Mr. Chrisco "will likely lack standing to pursue

the injunctive claims for relief" when he is discharged. *Id.* ¶ 2. This is an unusual theory for permissive joinder, and it does not establish a common question of law or fact.

Even if permissive joinder was appropriate, this district court and many other federal courts have found "pervasive impracticalities associated with multi-plaintiff *pro se* prisoner litigation that militate against permissive joinder that would otherwise be allowed" by Rule 20(a)(1). *See, e.g.*, *Bertolo v. Hickenlooper*, No. 12–cv–01763–BNB, 2012 WL 3638828, at *1 (D. Colo. Aug. 23, 2012) (citing *Boretsky v. Corzine*, No. 08–2265–GEB, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)); *see also Galindo v. Pueblo Cty. 10th Jud. Dist.*, No. 10–cv–02373–BNB, 2010 WL 5103036, at *1–2 (D. Colo. Dec 9, 2010) (citing *Boretsky*); *Richardson v. Robinson*, No. 10–cv–02558–BNB, 2010 WL 5014364, at *2–3 (D. Colo. Dec. 3, 2010) (same); *Rueb v. Zavaras*, No. 10–cv–02725–BNB, 2010 WL 4860904, at *1–2 (D. Colo. Nov. 15, 2010) (same). Among several difficulties noted by these courts is the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Bertolo*, 2012 WL 3638828, at *1. Some prisoners may forge other co-plaintiff's signatures or attempt to act on their behalf even though only members of the bar are allowed to litigate as agents. *Id.* This is further compounded because "[f]or legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult." *Richardson*, 2010 WL 5014364, at *3; *see generally Shaw v. Murphy*, 532 U.S. 223, 228–31 (2001) (noting there is no special protection for legal communications among inmates). These judges have also noted that prison populations are transitory, making joint litigation difficult. *Richardson*, 2010 WL 5014364, at *3.

It is clear from the face of Mr. Chrisco's motion that many of these concerns and difficulties are present here. First, Mr. Chrisco states that he will be discharging his sentence by his best estimate in April 2019, thus speaking directly to the concern that prison populations are transitory, which makes joint litigation difficult. Mot. for Joinder ¶ 2. Second, Mr. Chrisco's statement that it was difficult to communicate with Mr. Wiggins to coordinate this motion reinforces the Court's concerns with communication, security, and agency. *Id.* ¶ 5. Mr. Chrisco acknowledges that he was unable to obtain "Mr. Wiggins's consent to join in the case" until after drafting because of the "restrictions on inmate communications in CDOC which make it difficult or impossible to send legal communications between parties or prospective inmate parties." *Id.* Because the difficulties listed by *Boretsky* and its progeny are clearly present in this case, I find that joinder is inappropriate.

## **CONCLUSION**

In sum, I **deny** the Motion for Joinder [filed Sept. 11, 2018, ECF No. 103]. Mr. Wiggins can file a new and separate action if he has a valid claim for relief.

Entered and dated at Denver, Colorado, this 2nd day of October, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5